Action to enforce a lien for lumber furnished for the construction of a house under a contract by defendant Rounds with one Shepard. Shepard was named as a defendant, but was not served, and at the trial plaintiff was allowed to prove that Shepard had admitted that the value of the lumber was two hundred and seventy-five dollars. Judgment was rendered for the plaintiff, and the defendants appealed.

*Tuttle & Gilchrist*, for Appellants.

*Wiggin & Eells*, for Respondents.

By the COURT:

The Court erred in receiving in evidence the admissions of Shepard as against the only defendants who had been served with summons or who had appeared in the action. The admissions were *hearsay*.

Judgment and order reversed, and cause remanded for a new trial. Remittitur forthwith.

----

[No. 6505.]

THE PEOPLE EX REL. FRANK McCOPPIN, RELATOR, *v.* A. M. BURNS, RESPONDENT.

ELIGIBILITY OF MEMBER OF THE LEGISLATURE TO OFFICE OF HARBOR COMMISSIONER.—Sec. 20 of art. 4 of the Constitution does not inhibit the appointment of a member of the Legislature to the office of Harbor Commissioner, which office was not created nor the emoluments thereof increased during the term of the member.—[REPORTER.]

APPEAL from the District Court of the Twelfth Judicial District, San Francisco.

The respondent was appointed Harbor Commissioner, February 28th, 1876, for a term of three years, under sec. 2520 of the Political Code, amended by the Act of February 28th, 1876, to read as follows:

"As soon as may be after the passage of this act, the Gov-

ernor, by and with the consent of the Senate, shall appoint three State Harbor Commissioners, who shall hold office, one for two years, one for three years, and one for four years from the date of their respective commissions. The Governor shall, in like manner, at the expiration of their respective terms, appoint and commission their successors, for a full term of four years, except in case of a vacancy occurring in the Board, by resignation or otherwise, to fill which he shall appoint a Commissioner for the unexpired portion of the term."

Sec. 20 of art. 4 of the Constitution is as follows: "No Senator or member of the Assembly shall, during the term for which he shall have been elected, be appointed to any civil office of profit under this State, which shall have been created, or the emoluments of which shall have been increased, during such term, except such offices as may be filled by election by the people."

The relator, McCoppin, was elected State Senator from the Thirteenth Senatorial District in September, 1875, for the term of four years from the first Monday in December, 1875, and performed the duties of his office continuously. He was appointed Harbor Commissioner February 28th, 1879, to succeed Burns, the respondent. He demanded the office and was refused, whereupon this action was brought to oust the respondent as an intruder. Judgment was rendered for the relator, and the respondent appealed.

*Wm. M. Pierson,* for the Respondent.

The relator is not eligible to the office, and therefore has not become appellant's successor. The office was created during relator's term of office as Senator, and his appointment to it made during his term. (Constitution of California, art. 4, sec. 20; *State* v. *Valle,* 41 Mo. 29; *State* v. *Ryan,* 21 Wis. 208; Story on Constitution, sec. 867.) This is not the case of two persons claiming to have been elected to an office, where one asserts the ineligibility of the other. In such cases it has been properly held that the ineligibility of one did not operate to elect the other. But here is a person acknowledged to be right-

fully in office, resisting the claim of one who is clearly unable constitutionally to occupy it.

*John F. Swift*, for the Relator.

As to the ineligibility of the relator by reason of his being a State Senator from December 1st, 1875, to December 1st, 1879, it is only necessary to say that the office of Harbor Commissioner was not created, nor were its emoluments increased, during his term of office, within the meaning of sec. 20 of art. 4 of the Constitution. The office was created by the Act of April 24th, 1863, and has been in continuous existence ever since. This statute was continued in force by sec. 5 of the Political Code. The holders of the office were continued in place under the Codes by force of sec. 6 of the Political Code; and it was recognized as existing by secs. 343, 362, 700, 1002, and 2521, and following. The Act of February 28th, 1876, only changed the method of filling, and remodeled the duties and functions of the office—it existed all the time. (*People* v. *Mathewson*, 47 Cal. 442.) As to the emoluments, they were unincreased. There are none but the salary, which has always from the creation of the office remained the same, viz., $250 per month. (1 Hittell, 3484; Political Code of 1863, sec. 2547; Political Code as amended February 28th, 1876, sec. 2552.) The office does not come within the letter or spirit of the constitutional inhibition.

By the COURT:

Judgment affirmed. Remittitur forthwith.

Mr. Justice McKINSTRY, dissenting:

In my opinion the appointment of respondent was prohibited by sec. 20 of art. 4 of the State Constitution.